IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

WESTELY S. PERDUE, )
 )
    Plaintiff, )
 )
v. ) CIVIL ACTION NO. 10-377-N
 )
FIKES WHOLESALE, INC., d/b/a )
CEFCO Food Store #401, )
 )
    Defendant. )

## ORDER

This matter is before the court on defendant's Motion to Dismiss Count II of the Plaintiff's Complaint (doc. 12), as well as plaintiff's Response (doc. 18) and defendant's Reply (doc. 19). Defendant asserts, in sum, that plaintiff's claim of gender discrimination is due to be dismissed because the complaint does not include female comparators.

In considering a Rule 12(b)(6) motion to dismiss, the court accepts the non-moving party's allegations as true; however, the court is not required to accept a plaintiff's legal conclusions. Ashcroft v. Iqbal, 556 U.S. ----, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009) (noting "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions"). In evaluating the sufficiency of a plaintiff's pleadings, the court makes reasonable inferences in the plaintiff's favor, "but [is] not required to draw [p]laintiff's inference." Aldana v. Del Monte Fresh Produce, N.A., Inc., 416 F.3d 1242, 1248 (11th Cir.2005). Similarly, "unwarranted deductions of fact" in a complaint are not admitted as true for the purpose of testing the sufficiency of plaintiff's allegations. Id.; *see also* Iqbal, 129 S.Ct. at 1951 (stating conclusory allegations are "not entitled to be assumed true").

As the Court reiterated in Iqbal, although Rule 8 of the Federal Rules of Civil Procedure does not require detailed factual allegations, it does demand "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." 129 S.Ct. at 1949. In other words, a complaint must state a plausible claim for relief, and "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. The mere possibility the defendant acted unlawfully is insufficient to survive a motion to dismiss. Id. The well-pled allegations must nudge the claim "across the line from conceivable to plausible." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007).

Count II of plaintiff's complaint alleges, in part, that she "has been discriminated against and been treated differently than similarly situated white employees solely because of her race, African American, in violation of Title VII of the Civil Rights Act of 1964, as amended by the Civil Rights Act of 1991." (Complaint at para. 20) Title VII of the 1964 Civil Rights Act makes it unlawful for an employer to "fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin." 42 U.S.C. § 2000e-2(a)(1).

Clear precedent is contrary to defendant's argument that a Title VII plaintiff must plead facts to support the elements of the McDonnell Douglas prima facie case. *See* Swierkiewicz v. Sorema N.A., 534 U.S. 506, 515, 122 S.Ct. 992, 152 L.Ed.2d 1 (2002) ("we hold that an employment discrimination plaintiff need not plead a prima facie case of discrimination ... to survive respondent's motion to dismiss"); Davis v. Coca-Cola Bottling Co. Consol., 516 F.3d 955, 974 (11th Cir. 2008) ("a Title VII complaint need not allege facts sufficient to make out a

classic McDonnell Douglas prima facie case"); Jackson v. BellSouth Telecommunications, 372 F.3d 1250, 1270-71 (11th Cir. 2004) (explaining that "McDonnell Douglas was an evidentiary rather than a pleading standard" and that "pleading a McDonnell Douglas prima facie case [is] not necessary to survive a motion to dismiss").

Despite plaintiff's citation to this clear line of authority, defendant reiterated its argument in a Reply brief, stressing the requirement of Twombly, that a complaint must "plausibly suggest" a right to relief. 594 U.S. at 544. The fatal flaw in defendant's argument , however, is that a McDonnell Douglas analysis is properly performed only at the summary judgment stage, not the Rule 12(b) stage. As noted above, both the Supreme Court and the Eleventh Circuit Court of Appeals have rejected defendant's premise that plaintiff's failure to plead each element of a prima facie case in his Complaint mandates its dismissal. Accordingly, upon consideration of the pleadings of the parties, it is hereby ORDERED that defendant's Motion to Dismiss is DENIED.

DONE this the 23rd day of November, 2010.

/s/ Katherine P. Nelson
**KATHERINE P. NELSON**
**UNITED STATESMAGISTRATE JUDGE**